## PARMLEY v. HEALY.

1. As the effect of writing a name which appears in print upon a ballot, immediately beneath the erased name of an opposing candidate upon another ticket, is to make the name thus written appear more than once, the ballot must be counted as a vote for neither candidate.   Laws 1893, Sec. 1, Chap. 80.

2. All other questions presented are fully discussed and decided in Vallier v. Brakke (S. D.) 64 N. W. 180, by which this case is ruled.

        (Syllabus by the Court.   Opinion filed Aug. 31, 1895.)

Appeal from circuit court, Edmunds county.  Hon. LORING E. GAFFY, Judge.

Joseph W. Parmley filed a notice of contest of election on John J. Healy.  Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*L. W. Crofoot*, for appellant.

The intent of the voter, when not in violation of the election law, should govern, if that intent is made apparent by the ballot itself.  *In re* Election, 3 Pa. Dis. Rep. 122; Weidknecht v. Hawk, Id. 124.  Provisions of an election law requiring the ballot to be marked in a certain manner are mandatory.  Curran v. Clayton, 27 Atl. 933; *In re* East, 3 Pa. Dist. Rep. 377; Parvin v. Wruberg, 30 N. E. 790.

*C. H. Barron* and *Albert Gunderson*, for respondent.

The findings of fact cannot be reviewed except from an appeal from an order denying a new trial.  Pierce v. Manning, 2 S. D., 517, 51 N. W. 332; Gear, Scott & Co. v. Spalding, 51 N. W. 868.  The judgment of the court takes the place of the verdict of a jury.  Ball v. Busch, 31 N. W. 565; Merrick v. Bovry, 46 St. 60; Booth v. Reaves, 17 Ill. 175; Frye v. Ferguson, 61 N. W. 161. The omission of the lower court to make a proper finding constitutes no ground for reversing the judgment where the court was not asked to make the finding and on refusal an exception taken. Williams v. Stevens, 40 N. W. 154; Girkin v. Williams, 21 Kas. 64; Warner v. Foote, 41 N. W. 195; Lanier v. Faust, 16 S. W. 994; Bamter v. Futts, 15 Kas. 323; Barnhill v. Mills, 51 Ind. 1.

FULLER, J.  This is a civil proceeding under the statute, between opposing candidates at the November, 1894, election for the office of county judge.  Although a certificate of election was issued to the defendant, the court before whom the contest was tried found plaintiff to be the duly elected officer, and from a judgment accordingly entered defendant appeals.

Respondent received 478, and appellant 481, undisputed votes; and of the 19 ballots about which there was a contention between

the parties, the court construed 14 to be votes for respondent, 4 for appellant, and 1 for neither candidate. Of these ballots, 10 marked with a cross in the circle at the head of the Republican ticket, a cross at the left and opposite appellant's name in the ticket headed "Nomination Independent of Party," the name of respondent not being erased, were all counted, and adjudged to be votes for respondent. Under the construction placed upon the Anstralian ballot law in Vallier v. Brakke, (decided at this term) 64 N. W. 180, these ballots were correctly interpreted, and properly counted as votes for respondent. Exhibit 1, Kent precinct, was a ballot unmarked in the circle at the head of either ticket, or otherwise. The name of appellant was written on the Republican ticket immediately below respondent's name, but no cross appears anywhere upon the paper. This ballot was rightly decided to be a vote for neither party. In Exhibit 2, counted for appellant, the name of respondent was érased, and a cross was placed at the right of appellant's name. .This should have been declared to be a vote for neither party. Exhibit 1, Harmony precinct, was a ballot marked in the circle at the head of the Republican ticket, the name of respondent erased, appellant's name written immediately thereunder, and a cross placed at the left of his name printed on the ticket designated "Nomination Independent of Party." The effect of this was to make the candidates name appear more than once upon the same ballot, which is expressly prohibited by section 1, c. 80, Laws 1893; and, moreover the writing of a name upon a ticket identifies the voter, and invalidates the entire ballot, and subjects the one who placed it there to a criminal prosecution. Exhibits 3 and 4, Bowdle precinct, each appear to be marked with a cross in the circle at the head of the Republican ticket, the name of respondent erased, a cross placed at the left of appellant's name and these ballots were therefore correctly counted for appellant. Exhibit 6, counted for respondent, was marked with a cross in the circle at the head of each ticket appearing upon the ballot. There was no erasure, but a cross was placed at the left of appellant's name. In our judgment, this ballot should have been decided to be a vote for

appellant. Exhibit 7, construed to be a vote for respondent, contained a cross entirely outside the circle at the head of the Republican ticket, and should have been declared to be a vote for neither party. Exhibit 1, Bryant precinct, was marked with two crosses within the circle at the head of the Republican ticket, and was properly declared to be a vote for respondent. Exhibit 2, Hosmer precinct, counted for respondent, was marked with a cross in the circle at the head of each ticket appearing upon the ballot, and should have been counted for neither party. It appears from the record that a disputed ballot in Hudson precinct was counted for respondent, but as the same is in no manner identified or described and no exception was taken, the action of the court in relation thereto cannot be reviewed.

As this case is ruled by Vallier v. Brakke, *supra*, the statute therein discussed at length will receive no further attention. Applying the rules of construction by which we were govorned in that case to the ballots here presented for examination, we find that respondent received a majority of all the legal votes cast for the office of county judge, and we therefore affirm the judgment of the trial court.