## LE CLAIRE v. WELLS.

1. Where, in an election contest case, the question is the legal effect of certain ballots then before the court, to be gathered from the ballots themselves without *aliunde* evidence, the question is one of law, and not of fact; and the decision of the trial court upon such question of law may be reviewed in this court without a motion for a new trial.

2. Upon the merits, this case is controlled by Vallier v. Brakke, (S. D.) 64 N. W. 180 and Parmley v. Healy, (S. D.) 64 N. W. 186, decided last term.

(Syllabus by the Court. Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Edmunds county. Hon. LORING E. GAFFY, Judge.

Election contest. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*L. W. Crofoot*, for appellant.

The intent of the voter, when not in violation of the election law, should govern, if that intent is made apparent by the ballot itself. *In re* election, 3 Pa. Dist. Rep. 122; Weidknecht v. Hawk,

Id. 124; Provisions of an election law, requiring the ballot to be marked in a certain manner, are mandatory. Curran v. Clayton, 27 Atl. 933; *In re* East, 3 Pa. Dist. Rep. 377; Parvin v. Winberg, 30 N. E. 790.

*C. H. Barron* and *Albert Gunderson,* for respondent.

The findings of fact cannot be reviewed except from an appeal from an order denying a new trial. Pierce v. Manning, 2 S. D. 517, 51 N. W. 33; Gaar, Scott & Co., v. Spalding, 51 N. W. 868. The judgment of the court takes the place of the verdict of a jury. Ball v. Busch, 31 N. W. 565; Merrick v. Barry, 4 O. St. 60; Booth v. Reaves, 17 Ill. 175; Frye v. Ferguson, 61 N. W. 161. The omission of the lower court to make a proper finding constitute no ground for reversing the judgment where the court was not asked to make the finding and on refusal an exception taken. Williams v. Stevens, 40 N. W. 154; Ginin v. Williams, 21 Kas. 64; Warner v. Foot, 41 N. W. 195; Lanier v. Faust, 16 S. W. 994; Bowten v. Fritts, 15 Kas. 323; Barnhill v. Mills, 55 Ind. 1.

KELLAM, J.   Appellant and respondent were rival candidates for the office of state's attorney in and for Edmunds county. Appellant received the certificate of election, and respondent instituted a contest. Upon trial the circuit court, upon an examination and recount of the ballots, found that respondent had received a majority of the votes cast, and adjudged him entitled to the office. From such judgment this appeal is taken.

Respondent contends at the outset that this court cannot examine the questions raised by the assignment of errors, for the reason that no motion for a new trial was made in the court below. In this, we think, respondent is wrong. A motion for a new trial is only necessary where the question is the sufficiency of the evidence to sustain a finding of fact of the court or jury. Here the ballots themselves were before the court, and it had only to declare their legal effect. No question of fact was involved, and the court decided the effect of each of these ballots just as it would construe and determine the legal effect of any other printed or writ-

ten instrument before it.   If such decision is wrong, it is an error of law, that may be reviewed without a motion for a new trial. Mercantile Co. v. Faris, 58 N. W. 813, 5 S. D. 348.

Upon the merits, every question raised is discussed and decided either in Vallier v. Brakke (S. D.) 64 N. W. 180, or in Parmley v. Healy (S. D.) 64 N. W. 186.   Applying the rules promulgated in these cases to the facts in this sustains the judgment of the circuit court, and the same is affirmed.   All the judges concur.