CHARLES S. ROBERTS v. GEORGE G. BOPE.

Opinion filed May 31, 1905.

**Australian Ballot Law — Printed Stickers.**

1. Under the Australian ballot law of this state an elector may indicate his choice by writing or pasting the name of a candidate in the space provided for that purpose, and over the name of an opposing candidate, even though the name so written or pasted on is printed on the official ballot in another column, and it must be counted.

**Indicating Choice.**

2. Where the voter indicates his choice by writing the name upon, or by pasting a printed sticker containing the name upon, the official ballot, a cross-mark after the name, so written or pasted is not necessary to entitle it to be counted.

**Official Ballot.**

3. Official ballots upon which the elector has placed printed stickers in the manner provided by statute are not rendered unofficial by that fact, and must be received and counted.

**Combination of Stickers Does Not Invalidate Ballot.**

4. The fact that the voter has attached a combination of stickers, covering the names of several candidates, and substituting the names of those upon the stickers, without severing the stickers and attaching them separately, does not render the ballot invalid.

Appeal from District Court, Kidder county; *Winchester,* J.

Action by Charles S. Roberts against George G. Bope. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Knauf & Knauf,* for appellant.

Elector must express his choice of candidates by mark made by himself. Vallier v. Brakke, 64 N. W. 180; Fletcher v. Wall, 40 L. R. A. 617; McKittrick v. Pardee, 65 N. W. 23.

Other than official ballot shall not be cast or counted in any election. Re Contested Election School Directors, 27 L. R. A. 234.

Candidate's name must appear in one column only. Laws of 1901, p. 60; section 491, Rev. Codes 1899; Parmley v. Healy, 64 N. W. 186; McKittrick v. Pardee, supra; State ex rel Fisk v. Porter, 13 N. D. 406, 100 N. W. 1080.

The provision for leaving space to write or paste a name does not warrant use of paster tickets over a large portion of ballot. Re Contested Election School Directors, supra.

This would abrogate the purpose and object of the law. Fletcher v. Wall, supra.

A paster or sticker ticket is not one prepared by the county auditor nor the elector, but by an electioneerer of the paster ticket. Re Contested Election School Directors, supra.

The elector must prepare his ballot uninfluenced. McSorley v. Schroeder, 63 N. E. 697.

*J. W. Walker* and *S. E. Ellsworth,* for respondent.

Only irregularities indicating fraud, or being the means of preventing a full and fair expression of the popular will, or calculated to defeat the purpose of the election law, will render the ballot void. Perry v. Hackney, 11 N. D. 148, 90 N. W. 483.

The ballot had no "distinguishing marks" so as to render it void. Howser v. Pepper, 8 N. D. 484, 79 N. W. 1018.

The use of the sticker is favored by the legislature. Section 491 Rev. Codes 1899; section 15, chapter 66, Laws of 1891.

The portion of the official ballot covered by sticker is not material. The voter is authorized to "erase" or "paste over" the name of any candidate, and this does not render the ballot any less "official." While the law provides for official ballots, it does not provide for official candidates. People v. Shaw, 19 N. Y. S. 302, 31 N. E. 512.

Written or pasted names shall be counted, whether marked or not. Section 491, Rev. Codes.

As marks are not necessary, further marks will not affect the ballot unless they are marks for identification of the voter. Howser v. Pepper, supra.

The use of pasters which practically cover the face of the ballot is sanctioned in New York. People v. Shaw, supra.

YOUNG, J. This is an election contest. The appellant and contestant, Charles S. Roberts, and contestee, George G. Bope, were rival candidates for the office of county auditor of Kidder county at the November, 1904, election. The county board of canvassers found that the contestant had received 235 votes, and the contestee 260 votes, and the county auditor issued a certificate of election to the latter in pursuance of such finding. The trial court sustained the action of the board of canvassers, and the right of the contestee to the office. Contestant appeals from the judgment.

The question involved is whether certain ballots on which the voters indicated their choice by the use of stickers were rightfully counted for the contestee. It was stipulated at the trial that at least twenty-six of these ballots were cast and counted for the contestee, being a sufficient number to change the result if they are rejected. A copy of the official ballot as prepared and distributed by the county auditor to the various precinct officers is contained in the record; also a copy of the stickers which were used by the voters in preparing the ballots which are in dispute. The official ballot, which was in the usual form, was eight columns wide, with the following headings in order from left to right: (1) "Office to be voted for." (2) "Republican." (3) "Democratic." (4) "Independent and Democrat." (5) "Socialist." (6) "Prohibition." (7) "Populist." (8) "Individual Nominations." The republican column contained the names of a full set of county officers, except for state's attorney. The contestant's name was printed in this column as candidate for county auditor. The "Independent and Democrat" column contain the names of candidates for county officers. The other party columns were blank as to county officers. The contestee's name appeared in the column headed "Individual Nominations," as a candidate for county auditor. This column contained the names of a candidate for each county office, except for the office of sheriff, surveyor and public administrator. The stickers or pasters, as they are called, were procured by the contestee and other candidates whose names appeared in the same column upon the official ballot, and were distributed by them and their supporters to the electors in the various precincts for use in preparing their ballots. The paster was about nine and a half inches in length and three inches in width, and there were printed upon it the names of the contestee and the other candidates for county offices whose names appeared in the "Independent Nominations" column. The names were separated from each other by lines and spaces corresponding with those upon the official ballot, so that in form the paster was made up of thirteen separate stickers, separated by black lines, each perfect in itself, had it been severed, but all joined together on one paper, with adhesive paste upon the back. On each separate sticker above the name of the candidate was printed the name of the county office, and to the right of each name a square containing a cross (X) mark. On three of the stickers no name was printed below the name of the office. The names were so arranged upon the paster that they corresponded with the order

in which the names of the opposing candidates were printed in the republican column.

It is stipulated that at least twenty-six of the ballots counted for the contestee were prepared by the electors by pasting the combined sticker or paster in the republican column over the names of the republican candidates. On each of these ballots that part of the combination sticker or paster containing the name of the contestee exactly covered the space in the republican column in which the contestant's name appeared, and was directly opposite the words "County Auditor," in the first column of the official ballot. What we have said as to the position of the sticker for county auditor is true as to the position of the stickers for the other county officers in reference to the republican candidates. In other words, the paster covered the names of all the republican candidates, from sheriff down to and including superintendent of public schools, and substituted in their place the names upon the combination sticker. The paster was of the exact width of the party column, and covered no part of the first column of the official ballot..

Counsel for contestant contends that the trial court erred in holding that these ballots were properly counted for the contestee. Several objections are urged against their validity. All of the objections are, in our opinion, without merit.

It is urged that, inasmuch as the contestee's name already appeared upon the official ballot in the column of "Individual Nominations," the electors could not lawfully indicate their choice by writing or pasting his name upon the ballot elsewhere, but must mark it in the column where it was printed. Parmley v. Healy, 7 S. D. 401, 64 N. W. 186, and McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 26, are cited to sustain this view. The cases are not in point. The South Dakota statutes under consideration in the cases referred to, unlike our own, did not authorize the electors either to write or paste a name upon the ballot. The prohibition of our statute against the name of a candidate appearing more than once upon the ballot refers to the official ballot as printed and delivered to the elector, and not the ballot as marked and returned by him to the election officer.

The appellant also contends that the ballots in question are not in fact ballots printed by the county auditor, because of the addition of the printed stickers, and urges their rejection under section 490, Rev. Codes 1899, which provides that "ballots other than those printed by the respective county auditors shall not be cast

or counted in any election." This objection is sufficiently answered by the succeeding sentence of the same section, which broadly declares that "nothing in this chapter shall prevent any voter from writing or pasting on his ballot the name of any person for whom he desires to vote and such vote shall be counted the same as if printed on the ballot and marked by the voter."

It is also contended that these ballots should not be counted because the cross (X) mark after the contestee's name was printed on the stickers, and was not placed there by the voters. This contention is also without merit. If a cross (X) mark were necessary, the voter, by affixing the sticker, adopted the cross-mark upon it as his own. But as we have seen, under section 490, supra, a cross-mark was not necessary, for that section requires that names written or pasted on the ballot "shall be counted the same as if printed on the ballot and marked by the voter." The declaration of this section in favor of the right of electors to write or paste on the official ballots the names of their choice of candidates is re-enforced by section 491, Rev. Codes 1899. That section prescribes the mechanical arrangement of the ballot, and declares that the voter may, by a mark in the square at the head of a party column, "declare that he votes for all names printed in that column except such as are erased or pasted or written over as hereinafter specified," and then provides that "there shall be left under the name of each candidate sufficient space to write or paste a name therein in lieu of the one printed on the ticket," etc., and declares that "the fact that a name has been written or pasted opposite the office to be voted for shall be deemed sufficient evidence that the person depositing such ballot intended to vote for the person whose name he has written or pasted therein and not the person whose name was originally printed on the ballot whether he shall make a mark or cross opposite such written or pasted name or not." Express authority for writing in names or pasting on names is also given by section 516, which, among other things, provides that "the elector may write in the blank space or paste over any other name the name of any person for whom he wishes to vote."

Finally it is urged that to hold that an elector may prepare his ballot by the use of stickers, or by a combination of stickers, as was done in this case, would violate the general spirit of the Australian ballot law, and be in effect a return to the old system of voting. This argument can have no weight in construing and applying a statute clothed in language as plain as that under con-

sideration. It goes to the question of the policy of the statute, and should be addressed to the legislature, and not to the courts. The views of other courts under statutes which in terms establish a different policy can have no weight in construing the statutes of this state. The legislature has seen fit to adopt a liberal policy in favor of the voters' exercise of their choice, by authorizing them to write or paste the names of their choice over the names of the candidates printed upon the official ballot. It is our duty to give effect to this intent, and not to nullify it. There is no restriction as to the number of names the voter may erase, write or paste over. He may write or paste a new name over every name on the official ballot, and, inasmuch as he can do this, we can discover no valid objection to his using the stickers in combination, if he chooses that method, so long as he confines himself to merely making the changes which he is authorized to make, and in the manner he is authorized to make them, and does not destroy or impair in other respects the official ballot delivered to him by the election officers.

It follows that the judgment must be affirmed, and it is so ordered. All concur.