(106 N. W. 405.)

---

AARON J. BESSIE v. NORTHERN PACIFIC RAILWAY CO.

Opinion filed December 14, 1905.

**Dissolution of a Law Firm by Disbarment of a Member — Effect on Contracts.**

1. After a dissolution of partnership between attorneys at law by operation of law, by reason of the suspension from practice of one of them, the remaining members may carry on the unfinished business of the firm, and their rights under existing contracts for services will be determined under the partnership contracts, in the absence of a showing that new contracts were made after the dissolution.

**Same — Remaining Parties May Settle Firm Contract and Bind Other Members.**

2. After the dissolution of a copartnership between attorneys at law by reason of the suspension of one member from practice, the remaining members of the copartnership can settle partnership contracts made with the dissolved firm and thereby bind the other members of the firm.

**Same — New Contracts.**

3. Evidence considered, and *held* not to show that a new contract was made as to attorney's fees after the firm was dissolved.

**Appeal — Review — Findings of Fact.**

4. Under section 5627, Rev. Codes 1899, the Supreme Court will review the evidence, in the absence of a motion for a new trial in actions at law tried by the court without a jury, to determine whether the findings of fact are sustained or not.

Appeal from District Court, Richland county; *Lauder, J.*

Action by Aaron J. Bessie against the Northern Pacific Railway Company. Judgment for plaintiff, defendant appeals.

Reversed.

*Ball, Watson & Maclay,* for respondents.

A firm of attorneys is entitled to no lien in an action of tort until the claim is merged in a judgment. Nanna v. Coal Co., 31 N. E. 846; Abbott v. Abbott, 26 N. W. 361; Randall v. Van Wagenen, 22 N. E. 361; Sherry v. Nav. Co., 72 Fed. 565; Simmons v. Almy, 103 Mass. 33.

A claim for unliquidated damages cannot be assigned before judgment. If a claim is not assignable, there can be no lien. Kusterer v. Beaver Dam, 56 Wis. 471, 43 Am. Rep. 75; Pulver v. Harris, 62 Barb. 500; affirmed, 52 N. Y. 73; Coughlin v. Railroad Co., 71 N. Y. 443; Hunt v. Conrad et al., 50 N. W. 614; Harris v. Tyson, 36 Am. Rep. 126; Hutchison v. Pottes, 18 Vt. 614, 3 Am. & Eng. Enc. Law, 465, note 2; Hammons v. Great Northern Railway Co., 54 N. W. 1108.

The obligation in a personal injury case is not a debt. Hammons v. Railway Co., supra; Winslow v. Central Iowa Railroad Co., 32 N. W. 330; Sonnesyn v. Akin et al., 12 N. D. 97 N. W. 561; In re Scoggin, 12511 Fed. Cases.

Attorneys of record alone can claim a lien. Foster v. Danforth, 59 Fed. 750.

Suspension of a member of a law firm works its dissolution as to new business, but it exists as to incomplete business. Bates on Partnership, section 707; Page v. Wolcott, 15 Gray, 536; Walker v. Goodrich, 16 Ill. 341; Osment v. McElrath, 9 Pac. 731; McCoon v. Galbraith, 29 Pa. St. 293; Denver v. Roane, 99 U. S. 355, 25 L. Ed. 476; Waldeck v. Brande, 21 N. W. 533; Smyth v. Harvie, 31 Ill. 62; 22 Am. & Eng. Enc. Law, 211.

The contract was with the firm, and work done under it gave rise to a claim due it as a copartnership, even after its dissolution, and individual partners could not sue.   Parsons on Partnerships, 398; Hyde v. Moxie Nerve Food Co., 36 N. E. 585; Thompson v. McDonald, 10 S. E. 448; Snow v. Burnett, 1 S. W. 634; Mosgrove v. Golden, 101 Pa. St. 605; Dobbin v. Foster, 1 Car. & K. 323; Lindley on Partnership, 412; Fish v. Gates, 133 Mass. 441; Davis v. Megroz, 26 Atl. 1009; Bates on Partnership, 1018.

Attorney loses his right to practice by removal from the state. Re Mosness, 39 Wis. 509; Bank v. Risley, 6 Hill. 375; Rev. Codes, section 421.

Plaintiff's notice fails to state for what service a lien is claimed as required by statute.   Ward et al. v. Sherbondy et al., 65 N. W. 413; Forbush v. Leonard et al., 8 Minn. 303 (Gil. 267); Henchey v. Chicago, 41 Ill. 136.

Payment to, or settlement with one member of a firm binds all. Bates on Partnership, section 682; Gordon v. Freeman, 11 Il.. 14; Major v. Hawkes, 12 Ill. 297; Gillilan v. Sun Mutual Ins. Co., 41 N. Y. 376; Granger v. McGilvra, 24 Ill. 152; Williams v. More, 63 Cal. 50; Jeffries v. Mutual Life Ins. Co., 110 U. S. 305, 28 L. Ed. 156.

*Chas. E. Wolfe,* for respondent.

Plaintiff's notice of lien was sufficient in form and substance. The statute giving a lien is remedial and to be liberally construed. Crowley v. LeDuc, 21 Minn. 412; Sutherland on Stat. Const., Par. 430; Weeks on Attorneys, par. 360.

An attorney's lien upon a judgment extends to the money arising from it and the cause of action upon which it is based.   Winslow v. Central Railroad Company, 32 N. W. 330; Leighton v. Severson et al., 66 N. W. 938; Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 6409; Hrock v. Altman & Taylor Co., 3 S. D. 477.

Defendant's settlement with Ross was collusive and in fraud of plaintiff's rights.   Porter v. Hanson, 36 Ark. 591; Tullis v. Bushnell, 65 How. 465; Eberhardt v. Schuster, 10 Abb. 374; Weeks on Attorneys, par. 377, 3 Am. & Eng. Enc. Law (2d Ed.) 471.

A settlement between parties to litigation with view of defrauding the attorney, or which in law might accomplish that, will not discharge the defendant from paying him.   McDonald v. Napier, 14 Ga. 89; Young v. Dearborn, 27 N. H. 324; Courney v. McGavock,

23 Wis. 619; North Chicago Railroad v. Ackley, 58 Ill. App. 572; Hubbel v. Dunlap, 19 Ky. Law. Rep. 656, 41 S. W. 432.

Where a settlement is made collusively with intent to defraud the attorney, absence of actual notice will not protect a judgment debtor. Howard v. Osceola, 2 Wis. 433; Dietz v. McCallum, 44 How. Pr. 493.

MORGAN, C. J. On April 8, 1902, one George Ross commenced an action against the defendant in the district court of Cass county for damages for personal injuries to himself alleged to have been negligently caused by the defendant. The firm of Freerks, Bessie & Freerks was retained by Ross and were his attorneys in said action, and regularly signed the summons and complaint in the firm name. The plaintiff in this case, as a member of said firm, orally made a contract with said Ross on behalf of said firm relating to the attorney's fees and expenses in said action. The firm was to receive one-half of the amount recovered from the defendant, after deducting disbursements paid by the attorneys in the prosecution of the action. On May 12, 1902, said firm was dissolved by operation of law by the suspension from practice of M. C. Freerks. Thereafter all papers in the action were signed by or in the name of George W. Freerks, who also personally conducted the trial. On January 17, 1903, Ross made a contract with George W. Freerks that Freerks alone should act for him as his sole attorney in that case, and that he should receive 50 per cent of the amount recovered in the action less the disbursements. On January 19, 1903, the trial was commenced, and ended on January 22d with a verdict of $8,000 in favor of the plaintiff. The plaintiff in this action had done some work in the preparation of the case for trial, but was not present at the trial through no fault of his own, but by reason of the fact that George W. Freerks failed to advise him when the trial was to commence. After the firm was dissolved no new partnership was entered into between George W. Freerks and this plaintiff. They entered into an agreement as to the division of the fees in pending cases, under which Freerks was to receive two-thirds of all fees and this plaintiff one-third, and this was to apply to the Ross case, which had not then been tried. Freerks was to have charge of the firm office at Fargo, and the plaintiff of the Wahpeton office. On January 3, 1903, Freerks filed a claim for a lien against the judgment for the sum of $4,000. On March 17, 1903, the plaintiff filed a claim for a lien against said judgment for

the sum of $1,346.20, and served a notice on the defendant's at-
torneys of record in that case that he claimed a lien on the judgment
for that sum.   On July 2, 1903, the district court set aside the
verdict of the jury and granted a new trial in the action.   On July
15, 1903, Ross settled his case with the defendant for the sum of
$5,000, and was paid $3,500 of said sum by defendant's attorneys,
before Freerks or this plaintiff was advised of such   settlement.
The sum of $1,500 was turned over by said attorneys to one Acker-
man, defendant's and Ross' agent, for and on account of Freerks'
fees.   Ross gave Ackerman instructions to pay it over to Freerks if
he would give a "clear receipt" for the attorney's fees in the case.
This sum was paid to Freerks, and he receipted therefor to Ross.
The receipt is not in evidence, nor is it shown what it was.   This
plaintiff had no notice of such settlement until it was perfected, and
has received no pay for his services.   Before the new trial was
granted one of the defendant's attorneys informed the plaintiff that
he would be advised if the judgment was to be paid before it would
be paid to anyone.   Plaintiff made a request of the attorney that this
notice be given to him, as he was having "trouble with Freerks &
Freerks, and that he could not get his affairs settled with them,
and that he did not want that case settled   without   having   his
rights protected."   The attorney so agreeing to notify the plaintiff
was taking his vacation when the settlement was made, and failed
to notify the members of his firm of plaintiff's request, and they
made the settlement in ignorance of such request.   The   plaintiff
brings the action for the recovery of $1,346.20.   The trial court gave
him judgment for the sum of $833.33, upon the theory that he is
entitled to receive one-third of one-half of the amount recovered in
the settlement pursuant to the contract with Ross and the arrange-
ment for division of fees between plaintiff and George W. Freerks
on all pending cases, including the Ross case.   The appeal is from
the judgment, and no motion for a new trial was made in the dis-
trict court.

The respondent contends that this court is without authority to
review the evidence and thereby determine whether   the   findings
are sustained by the evidence, for the reason that no motion for a
new trial was made.   This action is one properly triable to a jury,
but a jury trial was regularly waived.   The appeal is, therefore,
not under section 5630, Rev. Codes 1899, but must be determined
under the law applicable to appeals in actions at law tried by the

court. Whether the sufficiency of the evidence to sustain the findings can be reviewed without a motion for a new trial depends upon the construction of section 5627, Rev. Codes 1899, which reads as follows, so far as material: "Any question of fact or law decided upon trials by the court or by a referee and appearing upon the record properly excepted to in a case in which an exception is necessary, may be reviewed by the Supreme Court, whether a motion for a new trial was or was not made in the court below, but questions of fact shall not be reviewed in the Supreme Court in cases tried before a jury unless a motion for a new trial is first made in the court below." The findings of facts concerning which objections are made were duly excepted to by the appellant in the court below, and a statement of the case was settled embodying such exceptions. This entitled the appellant to have these findings reviewed in this court. The language of the section is too plain to require construction. Its language is susceptible of no other meaning than that the evidence may be reviewed to determine its sufficiency to sustain the findings in court cases not tried under section 5630, Rev. Codes 1899, although no motion for a new trial was made. In 1891 the legislature repealed section 5237, Comp. Laws 1887, and enacted section 5627, under which it is made clear that the legislature intended to permit a review of the evidence on which findings are based in appeals in law cases. Reliance is placed upon Le Claire v. Wells, 7 S. D. 426, 64 N. W. 519, to sustain respondent's contention that the findings cannot be reviewed. That case was decided under a statute in terms the same as section 5237, Comp. Laws 1887, which is entirely different from section 5627, supra. Under the latter section a review of questions of fact embodied in a finding is permissible under the express language of the section, although no motion for a new trial was made.

The pivotal question in the case is: Did the plaintiff have a lien for his services independent of the contract between Ross and the firm of Freerks, Bessie & Freerks? His contention is that the contract with that firm was abrogated by a new contract made between himself and George W. Freerks on the one hand, and Ross on the other, after the firm had been dissolved by virtue of the suspension from practice of M. C. Freerks. The evidence of this new contract relied on to sustain plaintiff's contention is as follows: "He (Ross) came in, and Mr. Freerks and myself were working there, and he used the following words: 'I understand that Mar-

tin Freerks has been fired,' and he asked if that would have any effect on his case. We then told him * * * that it would have no effect on his case at all; and we then told him of the manner in which the business of the firm had been settled. Told him that the case would be taken care of by Mr. Freerks and myself. He then stated that it was all right; that he was satisfied. * * * At the time of the first talk he made the statement that he understood that Martin had been fired. We told him that he had been suspended and could not practice any more, and the business would be conducted by Mr. Freerks and myself, and told him of the arrangement that had been made between George W. Freerks and myself in regard to the settlement of the business, and the continuation of the cases that were pending both there and here." The appellant contends that no new contract was made with Ross by virtue of this conversation. Ross became alarmed at the fact of the suspension from practice of one member of the firm with which he had contracted for the conduct of his suit, and was anxious to know how it affected his case. He was told that it had no effect upon it; that the two remaining members would take care of it. This was satisfactory to him. The mere fact that these two members told him they were going to divide the fees does not create a new relation by virtue of which each had a separate and individual contract with Ross. The law settled the rights and duties of Ross with these two members after the dissolution, and the conversation fails to show that a new contract was made whereby a different relation was to exist than that fixed by the law. It was of no consequence to Ross how these members divided the fees between themselves. He had a contract with the firm, and there is nothing to show that that contract was modified in any way.

Can the plaintiff recover judgment from Ross for his services in the case on the strength of the conversation had between him and the parties after the dissolution? We think not. Ross received assurance from the two members that his case would be cared for by them. Nothing was said as to whether it would be under the old contract, or as individuals. Unless proved to be under a new arrangement, it will be presumed to be as members of the dissolved firm. Martin C. Freerks, who was suspended, had an interest in the suit up to the dissolution. His suspension from practice did not prevent him from claiming what was due him upon an accounting with the firm for business done by it before the

dissolution. Nothing was said about that. Our conclusion is that the plaintiff and Freerks had no individual contract for fees with Ross, and that they conducted the litigation under the contract with the dissolved firm as they had a right to do. A settlement with George W. Freerks for the fees was a settlement with the firm and binding upon the plaintiff. This is conceded to be the law by the respondents that is applicable in such cases in the absence of a new contract. It is immaterial that Freerks now says that he settled for his own fees only, and not for those of the plaintiff. He had no claim for individual fees as against the plaintiff. He contracted with Ross as sole attorney just before the trial, and evidently intended to deprive the plaintiff of any participation in the fees, but this did not defeat plaintiff of his interest in the original contract. Ross could have discharged plaintiff from further participation in the case, but could not deprive him of his compensation under the contract, nor could Ross and Freerks do so. It is also immaterial that the plaintiff served notice that he claimed fees out of the judgment or settlement. Unless he had an individual lien, those notices could create none. The contract and lien were a partnership matter. The lien was not an individual or divisible one. It was an entirety and belonged to the partnership. It remained such after the firm dissolved for purposes of bringing to a close business commenced by the partnership, unless shown to have been changed by a new and valid contract. This is conceded to be the law by the respondents, and that principle is sustained by the cases. 22 A. & E. Enc. of Law, 211, and cases cited; Osment v. McElrath, 68 Cal. 466, 9 Pac. 731, 58 Am. Rep. 17; Waldeck v. Brande (Wis.) 21 N. W. 533; Page v. Wolcott, 15 Gray, 536; Bates on Partnership, section 707.

For these reasons plaintiff had no claim individually against Ross, and could therefore have none against the defendant for settling the suit without payment of fees claimed to be due and evidenced by a lien. There was no evidence to sustain the finding and conclusion that plaintiff has a valid attorney's lien in that case, nor any evidence to sustain the finding that the defendant is indebted to the plaintiff.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.