AARON J. BESSIE v. NORTHERN PACIFIC RAILWAY COMPANY.

Opinion filed May 1, 1909.

**Appeal and Error — Proceedings After Remand — Dismissal Upon Failure to Prosecute.**

1. Under section 7228 of the Revised Codes of 1905, providing in every case on appeal, in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had therein within one year from the date of such order, etc., no sufficient excuse for plaintiff's delay was shown, and the trial court should have dismissed the action.

**Same.**

2. The admission of service of the notice of trial by defendant's attorneys after the expiration of one year from the date of filing the remittitur in the office of the clerk of the district court, and the letters introduced by the plaintiff in evidence on a motion of defendant to dismiss, did not constitute a waiver on the part of the defendant of its right to insist upon a dismissal of the action.

**Same — Waiver.**

3. The fact that the defendant's attorneys appeared at the preliminary call of the calendar and asked that the case be set for a day certain did not constitute a waiver.

Appeal from District Court, Richland county; *Allen, J.*

Action by Aaron J. Bessie against the Northern Pacific Railway Company.

Judgment for plaintiff.

Defendant appeals.

Reversed and remanded.

*Ball, Watson, Young & Hardy,* for appellant: *Chas. E. Wolfe,* for respondent.

CARMODY, J. This action was commenced in January, 1904, in the district court of Richland county. Under a stipulation the case was tried before Judge Lauder without a jury. The court made findings in favor of plaintiff and against the defendant. On appeal from the judgment entered therein, this court reversed the judgment of the district court, granted a new trial, and remanded the cause for further proceedings. The nature of the action is fully disclosed in Bessie v. N. P. Ry. Co., 14 N. D. 614, 105 N. W. 936. The remittitur was filed in the court below on January 9, 1906. No

further steps of any kind were taken in said cause until January
18, 1907, upon which last-mentioned date plaintiff served upon de-
fendant's attorney a notice of trial for the term regularly fixed
by law to be held on the first Tuesday in June, 1907. On January
14, 1907, Charles E. Wolfe, plaintiff's attorney, wrote a letter to
Ball, Watson & Young, defendant's attorneys at Fargo, asking them
if they would stipulate the case on the calendar for trial at the term
of court then pending. On the 15 the day of January, 1907, defend-
ant's attorneys replied, stating in substance that under ordinary cir-
cumstances they would be only too glad to accommodate plaintiff's
attorney by stipulating the case for trial; but so many terms were
then running, or just about to start, in which they had cases for
trial, they would not feel at liberty to stipulate the case upon the
calendar. As they remembered it, a jury trial had been waived,
and the case would have to be tried by the court. At the opening
of court, and upon call of the calendar on the first Tuesday in June,
1907, plaintiff's counsel announced that the cause was for trial by
jury. Mr. Joseph G. Forbes announced that he represented the
attorneys for the defendant in the case, said the defendant claimed
that this was a court case, and asked that it be tried by the court,
and inquired if there was not a "stipulation to try this case by the
court." Mr. Wolfe said that was for the former trial, and was
made because they wanted to try it at the term, and could not get
it tried as a jury case. The court asked what the case was about,
and, on being told, put it down as a jury case. An exception was
taken by the defendant. Mr. Forbes then asked to have the case set
for a day certain. After preliminary call of the calendar it was set
for trial June 8, 1907.

No objection was made to the trial of the case until on the day
when the trial was to be commenced, at which time defendant's
counsel filed and served the following motion: "Comes now the
defendant and moves the court to dismiss this action for the fol-
lowing reasons, namely: The judgment rendered herein was, on
appeal, reversed by the Supreme Court, upon December 13, 1905, a
new trial was granted, and the case remanded for further proceed-
ings; that no proceedings whatever were had in said action within
one year from the date of such order of the Supreme Court."
Thereupon plaintiff submitted the following evidence in opposition
to said motion: Mr. Wolfe testified in part as follows: "I am one
of the attorneys of record for the plaintiff, and I think I am the sole

attorney; but I am not sure. After the reversal of the former judg-ment in this case, and after the remittitur came down, I did not do anything with regard to putting the case on the calendar of the succeeding term of court, for the reason that I forgot all about it. * * * The necessity for giving notice of trial to bring it on was not called to my attention until the December term of court, 1906, when Mr. Bessie came back from Williston. He removed from Wahpeton in the early part of June, 1906; went to Williston. And, as a matter of fact, prior to that time he had personal charge of the details of the conduct of this case. I simply did what I could to help him when I had time and opportunity. When called to my attention last fall, we were having a term of court here then, and it was too late to get the matter noticed for trial at that term. The term was adjourned until Janury, 1907—January 22d; and on the 14th day of January I wrote to the attorneys for the defendant in this case a letter, marked "Exhibit A 1" (which is the letter hereinbefore mentioned), and received the answer thereto. On receipt of the answer, I prepared and sent to counsel for defendant a notice of trial, which is on file in this case, and they admitted service on the notice either on the 17th or 18th of January, 1907. * * * So far as I know there has never been any intention, on my part at least, to abandon the prosecution of this case; and the reason why it was not brought on before was simply, as I have stated, that I forgot all about it at the June term, and I didn't think at the December term of the fact that it was necessary to renotice it for trial, and that fact was called to my attention at that term and then I took it up with counsel for the defendant, trying to arrange to have it put on amicably without notice. Failing to succeed in that, I served the notice." The letter and answer hereinbefore men-tioned, were against the objection of the defendant, admitted in evi-dence. Motion to dismiss was denied, to which ruling defendant duly excepted.

The first assignment of error, which is the only one we have oc-casion to notice, is: "The court erred in overruling defendant's motion to dismiss for failure to prosecute within one year from date of the reversal by the Supreme Court." It is conceded that nothing was done in the district court, after the filing of the remittitur, until the notice of trial was served on January 18, 1907, except the letter from plaintiff's attorney to defendant's attorneys and the answer thereto. Section 7228 of the Revised Codes of 1905 reads

as follows: "In every case on appeal in which the Supreme Court
shall order a new trial or further proceedings in the court below,
the record shall be transmitted to such court and proceedings had
therein within one year from the date of such order in the Supreme
Court, or in default thereof the action shall be dismissed, unless
upon good cause shown the court shall otherwise order." The re-
spondent attempts to sustain the ruling of the trial court in its re-
fusal to dismiss this action on the following grounds: "That suf-
ficient cause was shown for the failure to prosecute within one
year; and, whether the cause shown was sufficient or not, the ap-
pellant waived the objection by its conduct. The motion to dismiss
was addressed to the sound discretion of the trial court and there
has been no abuse of discretion."

It was the duty of the plaintiff to proceed in said case within one
year unless prevented by some cause for which he was not re-
sponsible. Has any such cause been shown? We think not. The
plaintiff is an attorney, and had charge of his own case. Mr. Wolfe
merely did what he could to help him when he had time and op-
portunity. The plaintiff resided at Wahpeton, in Richland county,
from the time the remittitur was filed in the district court on January
9, 1906, until June of the same year, after which he removed to
Williston, in this state, and has resided there ever since. He was in
Wahpeton during the December, 1906, term of the district court, and
spoke to Mr. Wolfe about this action—whether before or after the
year had expired the evidence does not show. Nothing whatever
was done in the case within the year. Further proceedings having
been ordered, and none had within the year, the action should have
been dismissed, unless good cause was shown for ordering other-
wise. Root v. Sweeney, 17 S. D. 179, 95 N. W. 916. In that case
the court used the following language: "This litigation was in-
itiated by the plaintiffs for the purpose of obtaining a personal
judgment. Defendant was not interested in having it properly
prosecuted. The plaintiffs alone were injured by the dismissal.
They were bound to proceed within the year, unless prevented by
some cause for which they were not responsible." The only cause
for delay shown in the case at bar is that Mr. Wolfe, plaintiff's
attorney, forgot about it. The evidence shows that the plaintiff
had charge of his own case, and did not forget about it, but simply
neglected to take any steps therein. There is nothing in the letters
introduced in evidence by the plaintiff to show any waiver on the

part of the defendant. The letters were not written until after the year had expired. The admission of service of the notice of trial, after the year had expired, merely saved plaintiff the trouble of making proof of such service, and is a courtesy usually shown by one attorney to another. The defendant might have made the motion to dismiss on the first day of the term, but had the right to make it at any time before trial. We think, under the showing, the trial court had no discretion in the matter, and it was its duty to order a dismissal of the action.

The judgment of the district court of Richland county is reversed, and the cause remanded, with directions to enter judgment dismissing the action. All concur.

MORGAN, C. J., not participating.