### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

## CORBETT v. GREAT NORTHERN RAILWAY COMPANY.

### (135 N. W. 665.)

**Appeal — remanding case for further proceedings — time limit for — discretion of lower court as to.**

  1. Section 7228, Rev. Codes 1905, provides that when a case has been remanded by the supreme court for further proceedings in the trial court, proceedings must be had therein within one year from the date of the order of the supreme court remanding it, or in default thereof the action shall be dismissed, unless, upon good cause shown, the court shall otherwise order. *Held*, that the district court in such cases is permitted to exercise its sound discretion, and that its decision will only be reversed when that discretion is clearly abused.

**Appeal — review of discretion.**

  2. The facts and circumstances in the case at bar examined and it is *held*, that the trial court having refused to dismiss the action, this court cannot say that it is clear that that court abused its discretion in so doing.

Opinion filed March 13, 1912.

Appeal by defendant from an order of the District Court for Williams County, *Fisk*, J., denying its motion to dismiss an action for failure to prosecute it to trial within a year after the order of reversal. Affirmed.

23 N. D.—1.

*Murphy & Duggan,* for appellant.
*H. B. Doughty,* for respondent.

SPALDING, Ch. J.   This is an appeal from an order denying appellant's motion to dismiss the above-entitled action, for failure of the plaintiff to prosecute it to trial within one year after the decision of the supreme court, reversing a former judgment entered therein by the district court.   The remittitur on the judgment of the supreme court was transmitted to the clerk of the district court about the 15th of April, 1910.   The case appears to have been placed upon the calendar of the district court of Williams county at the next term, and to have remained there three terms, until an order was made, March 15, 1911, striking it from the calendar; but, as shown, it was placed upon the calendar by the clerk without authority and without any notice of trial having been served.

The respondent excuses his neglect by showing that it had at all times been his purpose to bring the case to trial as speedily as possible, and that it was not noticed for trial by reason of a misunderstanding occasioned by the employment of two attorneys on the part of the respondent.   The principal counsel, seeing it upon the calendar, was thereby led to believe that the other counsel had noticed it.   He also showed that it could not have been tried had it been properly on the calendar.   The facts were fully presented to the trial court, who was also aware of the condition of the calendar in that county, and knew of his own knowledge whether the case could have been reached for trial at any time, had it been properly noticed.   It is clear that the respondent relied upon the mistaken information given him by his counsel that the case would be tried at the first term at which civil cases were tried, as it is shown that he was present on several occasions, with his witnesses, prepared to go to trial.

Section 7228, Rev. Codes 1905, provides that in every case on appeal in which the supreme court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had therein within one year from the date of such order in the supreme court, or in default thereof that the action shall be dismissed, unless upon good cause shown the court shall otherwise order.   The district court, in matters of this nature, is per-

mitted to exercise its sound discretion, and its decision should only be reversed when that discretion is clearly abused. Bessie v. Northern P. R. Co. 18 N. D. 507, 121 N. W. 618. And, in view of the facts and circumstances surrounding this proceeding, we do not feel justified in saying that the court abused its discretion in refusing to dismiss the action. It is true that more than one year had elapsed without active proceedings having been taken, but the respondent was innocent in the matter, and his principal attorney was laboring under a most natural belief, and his failure to act was but the natural result of seeing the action upon the calendar; and we think it would be too harsh to hold, in this case, that the respondent must lose his right of action, in view of these facts and circumstances, when no harm has been done by the delay.

Each case of this kind must, in a large measure, stand upon its own facts, and the facts in relation to this motion distinguish it quite clearly from those in the Bessie Case, supra. In that case Bessie was his own attorney.

The order is affirmed.

Goss, J., being disqualified, did not participate.